IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                           ORDER

        v.                                 08-cr-123-bbc-01

AMANDA FERCH,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Amanda Ferch's supervised release was held on September 21, 2011, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Daniel J. Graber. Defendant was present in person and by Associate Federal Defender Erika L. Bierma. Also present was U.S. Probation Officer Kris Kiel.

From the record and the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on January 6, 2009, following her conviction for conspiracy to make, utter and possess counterfeited securities of an organization with intent to deceive, in violation of 18 U.S.C. §§ 513(a), 371, and 2.

This offense is a Class D felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 33 months, with a 36-month term of supervised release to follow, and ordered to pay restitution in the amount of $347,190.99.

On December 23, 2010, defendant began her term of supervised release in the Eastern District of Wisconsin.

On March 15, 2011, defendant violated Standard Condition No. 1, prohibiting her from leaving the judicial district without permission; Standard Condition No. 9, prohibiting her from associating with any person convicted of a felony unless granted permission; and Standard Condition No. 11, requiring her to notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer, when she had contact with a police officer in Madison, Wisconsin, while she was accompanied by convicted felon/co-defendant Randy Ruth. Although no tickets or citations were issued, defendant failed to notify her probation officer of the police contact. She did not have permission to leave the Eastern District of Wisconsin and did not have permission to associate with Randy Ruth.

On June 16, 2011, defendant violated Standard Condition No. 2 requiring her to report to the probation officer as directed, when she failed to report to the U.S. Probation Office in Milwaukee, Wisconsin.

Defendant violated Standard Condition No. 6 requiring her to notify the probation officer within 72 hours of any change in residence. On June 16, 2011, U.S. Probation Officer Alicia D. Jones wrote to defendant at her last known address in the Eastern District of Wisconsin. The letter was returned unopened on June 22, 2011. On July 6, 2011, officer Jones conducted an unannounced home contact with defendant's brother and sister-in-law at defendant's last known address and was informed that the couple had not seen defendant for several weeks. Defendant's whereabouts were unknown until she was arrested on August 22, 2011, at the home of convicted felon Carl J. Hach.

On February 24, 2011, defendant violated Special Condition No. 3, requiring her to participate in substance abuse treatment and testing as directed by the supervising U.S. probation officer, when she failed to report for a scheduled substance abuse treatment session. She failed to report for drug testing on February 25, 2011 and June 23, 2011.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it or modify the conditions of release upon the finding of a Grade C violation.

CONCLUSIONS

Defendant's violations warrant revocation. Defendant's criminal history category is II. With Grade C violations, she has an advisory guideline term of imprisonment of 4 to 10 months. Under 18 U.S.C. § 3583(e), the statutory maximum to which defendant can be sentenced upon revocation is 24 months. 18 U.S.C. § 3583(h) authorizes another term of supervised release to follow imprisonment.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, the I have selected a sentence at the bottom of the guideline range to hold defendant accountable for her behavior.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on January 6, 2009, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 4 months, with 24 months' supervised release to follow. All standard and special conditions of supervised release previously imposed shall remain in effect with the addition of the following conditions:

> Special Condition No. 8: Defendant shall participate in a cognitive behavioral therapy program, if one is available, under the guidance and supervision of her supervising probation officer.
>
> Special Condition No. 9: Defendant shall reside in a residential transitional

living center such as ARC for a period of five months. She may be released earlier upon recommendation of the program director and approval of her supervising probation officer. Defendant may be absent from the center for employment purposes, for mental health counseling and treatment and for passes consistent with program rules. Defendant is to pay her own medical expenses. Defendant is not required to pay any percentage of her income toward the cost of placement at the residential re-entry center.

Defendant does not have the financial means or earning capacity to pay the cost of her incarceration.

Entered this 22nd day of September, 2011.

BY THE COURT:

/s/

BARBARA B. CRABB
U.S. District Judge

5