IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                       ORDER

        v.                             08-cr-123-bbc-01

AMANDA FERCH,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        A hearing on the probation office's petition for judicial review of Amanda Ferch's supervised release was held on February 17, 2012, before U.S. District Judge Barbara B. Crabb.  The government appeared by Assistant U.S. Attorney Daniel J. Graber.  Defendant was present in person and by Associate Federal Defender Erika L. Bierma.  Also present was Senior U.S. Probation Officer Helen Healy Raatz.

        From the record and the parties' stipulation, I make the following findings of fact.

FACTS

        Defendant was sentenced in the Western District of Wisconsin on January 6, 2009, following her conviction for conspiracy to make, utter and possess counterfeited securities of an organization with intent to deceive, in violation of 18 U.S.C. §§ 513(a), 371, and 2.

This offense is a Class D felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 33 months, with a 36-month term of supervised release to follow, and ordered to pay restitution in the amount of $347,190.99.

On December 23, 2010, defendant began her initial term of supervised release in the Eastern District of Wisconsin. On September 20, 2011, her supervised release was revoked after she left the Eastern District of Wisconsin and associated with a convicted felon without permission, failed to inform her probation officer of law enforcement contact and failed to report to the probation officer as instructed. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of four months, with a 24-month term of supervised release to follow, and was ordered to reside in a residential transitional living center for five months.

On December 21, 2011, defendant began her second term of supervised release. She violated Special Condition No. 9 requiring her to reside in a residential transition living center for a period of five months when on January 16, 2012, she walked away from the facility without permission. Defendant's whereabouts were unknown for two days.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it or modify the conditions of release upon the finding of a Grade C violation.

2

CONCLUSIONS

Defendant's violation warrants revocation. Accordingly, the 24-month term of supervised release imposed on defendant on September 20, 2011, will be revoked.

Defendant's criminal history category is II. With a Grade C violation, defendant has an advisory guideline term of imprisonment of 4 to 10 months. Pursuant to 18 U.S.C. § 3583(e), the statutory maximum to which defendant can be sentenced upon revocation is 20 months. Title 18 U.S.C. § 3583(h) authorizes another term of supervised release to follow imprisonment.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, the court has selected a sentence at the bottom of the guideline range. The purpose of this sentence is to hold defendant accountable for her behavior.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on September 21, 2011, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of four months, with 24 months' supervised release to follow. All standard and special conditions of supervised release previously imposed shall remain in effect.

Defendant does not have the financial means or earning capacity to pay the cost of her incarceration.

Entered this 17th day of February 2012.

BY THE COURT:

/s/
Barbara B. Crabb
District Judge